IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**APRIL MAE HOWELL**                                                            **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 1:24-CV-57-SA-DAS**

**STATE OF MISSISSIPPI, et al.**

**ORDER DENYING MOTION TO SEAL**

The plaintiff, who is proceeding pro se and seeking to proceed *in forma pauperis*, has filed a motion to seal this action for thirty days or until each of the defendants has responded point by point to her affidavit.

Fundamentally "[j]udicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). Therefore, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-98 (1978). The Fifth Circuit Court of Appeals requires "a working presumption … that judicial records should not be sealed." *June Med. Servs., L.L.C., v. Phillips,* 22 F.4th 512, 521 (5th Cir. 2022). The courts should exercise their discretion to seal judicial records "charily." *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845 (5th Cir. 1993). A court that considers sealing such records abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing." *Binh Hoa Le,* 990 F.3d at 419 (C.A.5 Tex 2021) (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Having provided no reason for sealing these presumptively public records other than her desire to seal them, the court finds the motion is without merit and should be denied.

**IT IS, THEREFORE, ORDERED** that the plaintiff's motion to seal this action is denied.

**SO ORDERED** this the 27th day of March, 2024.

    /s/ David A. Sanders
    **UNITED STATES MAGISTRATE JUDGE**